UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| REBEL HOSPITALITY LLC,<br><br>    Plaintiff,<br><br>vs.<br><br>REBEL HOSPITALITY LLC,<br><br>    Defendant. | Civil Action No. 21-cv-5132<br><br>**COMPLAINT AND DEMAND FOR JURY TRIAL** |

Plaintiff Rebel Hospitality LLC, a limited liability company organized under the laws of the state of Illinois ("Rebel Hospitality"), hereby brings this Complaint against Defendant Rebel Hospitality LLC, a limited liability company organized under the laws of the state of Delaware ("Rebel DE"), and alleges as follows:

**JURISDICTION AND VENUE**

1. This is an action for unfair competition, and false designation of origin in violation of section 43(a) of the Lanham Act, 15 U.S.C. § 1125; common law trademark infringement and unfair competition; violations of the Illinois Uniform Deceptive Trade Practices Act, 815 ILCS 510 *et seq.*; and violations of the Illinois Fraud & Deceptive Business Practices Act, 815 ILCS 505/1, *et seq.*

2. This Court has subject matter jurisdiction over this action under 15 U.S.C. § 1121; 28 U.S.C. §§ 1331, 1338, and 1367.

3. This Court has personal jurisdiction over Rebel DE because, *inter alia*, Rebel DE actively markets its services directly to persons or entities residing in the State of Illinois, including in this District, at conferences and in-person events; actively promotes and offers its services directly to persons or entities residing in the State of Illinois, including in this District, via its website at rebelhospitality.com; and, upon information and belief, provides its services to persons or

1

entities residing in the State of Illinois, including in this District. Hence a substantial part of the events giving rise to the claims occurred in the State of Illinois, including in this District. Among other things, Defendant Rebel DE is engaging in acts of unfair competition and trademark infringement in the State of Illinois, including in this District.

4. Venue is proper in this district under at least 28 U.S.C. §§ 1391(b).

## THE PARTIES

5. Rebel Hospitality is an Illinois limited liability company with its principal place of business at 215 W. Ontario St., 6th Floor, Chicago, IL 60654.

6. Rebel Hospitality is a leading provider of hotel and resort services, real estate development services in the field of hotels and resorts, hotel and resort management and advisory services, and other services related to the hotel and resort industry.

7. On information and belief, Rebel DE is a Delaware limited liability company with its principal place of business at 545 5th Avenue, New York, NY 10017.

8. Rebel DE provides hotel and resort services, real estate development services in the field of hotels and resorts, hotel and resort management and advisory services, and other services related to the hotel and resort industry.

9. Rebel Hospitality brings this lawsuit because of Rebel DE's unlawful use of Rebel Hospitality's service marks.

## REBEL HOSPITALITY'S TRADEMARK RIGHTS

10. On April 5, 2021, Rebel Hospitality filed a federal application with the United States Patent and Trademark Office ("USPTO") to register the service mark REBEL HOSPITALITY for use in connection with "Hotel management for others; Administrative hotel management; Business management of hotels; Business advisory services in the field of hotels and resorts" in

2

International Class 35, "Real estate development services in the field of hotels and resorts" in International Class 37, and "Hotels; Hotel services; Resort lodging services; Resort hotel services" in International Class 43 (collectively, the "Rebel Hospitality Services"). The application was given Serial Number 90623371 by the USPTO and is currently pending.

11. Rebel Hospitality also has common law rights in the REBEL HOSPITALITY trademark at least because Rebel Hospitality has continuously used REBEL HOSPITALITY in commerce in connection with the Rebel Hospitality Services since at least as early as October of 2014. Rebel Hospitality's rights in the REBEL HOSPITALITY trademark, including its pending application Serial Number 90623371 and common law rights, are collectively referred to as the "REBEL HOSPITALITY Mark."

12. Rebel Hospitality markets its services through its website located at www.rebelhospitalityllc.com. The rebelhospitalityllc.com domain name was registered in July of 2014.

13. Rebel Hospitality provides and has provided the Rebel Hospitality Services to thousands of customers located in Illinois and across the United States.

14. Rebel Hospitality is the manager, developer, and operator of the "ACME Hotel Company", a boutique hotel providing hotel, resort, bar, and restaurant services from its location at 15 East Ohio Street, Chicago, IL 60611, since its opening in May of 2012.

15. Rebel Hospitality was the manager, developer, and operator of the "Madison Hotel", a boutique hotel providing hotel, resort, bar, and restaurant services from its location at 79 Madison Ave, Memphis, TN 38103.

16. Rebel Hospitality was the manager, developer, and operator of the "dana hotel and spa", a boutique hotel providing hotel, resort, bar, and restaurant services from its location at 660 North State Street, Chicago, IL 60654.

17. Rebel Hospitality provides hotel and resort management and advisory services to the "Best Western Plus – Hawthorne Terrace", a hotel located at 3434 N Broadway, Chicago, IL 60657.

18. Rebel Hospitality actively engages in real estate development services in the field of hotels and resorts, having acquired property and filed permits and plans with local authorities to develop hotels and resorts in locations such as Los Angeles, CA and Lake Geneva, WI.

19. At the 2017 Gold Key Awards for Excellence in Hospitality Design, the Apogee Lounge at the dana hotel and spa (a property managed, developed, and operated by Rebel Hospitality) was nominated in the category of Best Nightclub / Lounge. A true and accurate copy of excerpts from the Awards Gala Program is attached as **Exhibit A**.

20. Rebel Hospitality was the winner of the World Hotels Best Achievement Award in 2015. A true and accurate copy of slides from the 2015 Annual Conference when the referenced award was presented, is attached as **Exhibit B**.

21. Rebel Hospitality's ACME Hotel Company was voted as the #1 Hotel in Chicago by readers of Condé Nast Traveler, a magazine with nationwide distribution, in its 2019 Readers' Choice Awards. A true and accurate copy of an announcement posted on the website of "The Magnificent Mile Association", a non-profit membership organization based in Chicago, is attached as **Exhibit C**.

22. Rebel Hospitality, its hotels, and its business operations have been publicized in connection with the Rebel Hospitality Services in numerous magazines and online journals since

4

October of 2014. True and accurate copies of articles, publications, and other press items are attached as **Exhibit D**.

23. Rebel Hospitality has used the REBEL HOSPITALITY Mark in commerce in connection with the Rebel Hospitality Services prior to any use of "Rebel Hospitality" by Rebel DE.

24. Rebel Hospitality uses its REBEL HOSPITALITY Mark in connection with its services and the REBEL HOSPITALITY Mark has no recognized meaning in the hotel, resort, bar, and restaurant industry except as designating Rebel Hospitality via its well-established brand as the source of its services.

25. As a result of its widespread and continuous use of the REBEL HOSPITALITY Mark to identify the Rebel Hospitality Services, Rebel Hospitality owns valid and subsisting common law rights to the REBEL HOSPITALITY Mark.

26. As a result of Rebel Hospitality's extensive use of the REBEL HOSPITALITY Mark, Rebel Hospitality has built up and owns valuable goodwill that is symbolized by the mark. The purchasing public has come to associate the REBEL HOSPITALITY Mark with Rebel Hospitality.

27. The REBEL HOSPITALITY Mark is distinctive to both the consuming public and in Rebel Hospitality's trade.

### DEFENDANT'S INFRINGEMENT

28. On October 8, 2020, Rebel DE filed a federal application with the United States Patent and Trademark Office ("USPTO") to register the service mark REBEL HOSPITALITY for use in connection with "Business advisory services in the field of hotel management and restaurant management services" in International Class 35 and "Resort hotel and restaurant

services" in International Class 43. The application was filed on an "intent to use" basis, given Serial Number 90241623 by the USPTO ("the '623 Application"), and is currently pending.

29. Rebel DE knew of the existence of Rebel Hospitality and that Rebel Hospitality provided hotel-related services prior to filing the '623 Application.

30. Without authorization from Rebel Hospitality, Rebel DE began using the service mark REBEL HOSPITALITY in commerce with hotel, resort, bar, and restaurant services and related management and advisory services.

31. On information and belief, Rebel DE owns the <rebelhospitality.com> domain name and exercises control over the content appearing on the website located at that domain name. Screenshots from Rebel DE's website showing use of the service mark REBEL HOSPITALITY in connection with its hotel and resort related services are attached as **Exhibit E** and are incorporated by reference.

32. Brian Sparacino, President and Chief Executive Officer of Rebel DE, served as a panelist representing Rebel DE for a session entitled "Trends & Tactics Track: Does Guest Loyalty Equal ROI?" held at the Americas Lodging Investment Summit on Tuesday, July 27, 2021, in Los Angeles, California (hereinafter, the "ALIS Conference"). A downloadable program for the ALIS Conference and a downloadable document containing ALIS Speaker Bios and Photographs listing Brian Sparacino and listing Rebel DE as Rebel Hospitality was made available to attendees and the public via the ALIS website. Screenshots of the webpage located at burba.com/ALIS/Program entitled "ALIS 2021 Program" and of relevant pages from the Program and Bios showing use of the service mark REBEL HOSPITALITY in reference to Rebel DE are attached as **Exhibit F** and are incorporated by reference.

33. Rebel DE, using the name Rebel Hospitality, sponsored the ALIS Conference and was listed as a "Platinum Sponsor" on the website promoting the ALIS Conference. Screenshots of the webpage located at burba.com/ALIS/Sponsors entitled "Thank You to Our 2021 Patrons, Sponsors, and Supporters" listing Rebel DE, using the name Rebel Hospitality, as a "Platinum Sponsor" and containing a hyperlink to the website <www.rebelhospitality.com> are attached as **Exhibit G** and are incorporated by reference.

34. The ALIS Conference touts itself as the "leading and largest hotel investment conference in the world" and a conference "where deals are done!". The 2020 ALIS conference was attended by nearly 3100 delegates from across the United States and the world. The ALIS conference is promoted as an event that provides "stellar networking and deal-making opportunities". Screenshots of webpages located at burba.com/ALIS and burba.com/ALIS/Attend describing the conference are attached as **Exhibit H** and are incorporated by reference.

35. Rebel DE attended, participated in, and sponsored the ALIS Conference with the intent of promoting its hotel, resort, and hospitality related services to potential customers.

36. Rebel DE knew that the ALIS Conference would be attended by a large national and global audience of potential consumers for its services and that its participation in and sponsorship of the ALIS Conference would promote the hotel, resort, and hospitality related services it provides using the service mark REBEL HOSPITALITY.

37. On May 19, 2021, Hotelsmag.com published an article entitled "People on the move: Travelodge, Prism, Hilton" stating that "Rebel Hospitality chose Craig Franco as vice president of revenue and distribution, overseeing the sales, technology, e-commerce and revenue management of topline revenue streams. The article is available at

https://www.hotelsmag.com/Industry/News/Details/99183. A copy of this article is attached as **Exhibit I** and is incorporated by reference.

38. As a result of this article, Anthony Klok and Gene Kornota, principals of Rebel Hospitality, received an email on May 19, 2021, from a longtime contact congratulating them on the addition of Craig Franco to Rebel Hospitality. Craig Franco is not and has never been affiliated with Rebel Hospitality and is currently affiliated with Rebel DE.

39. On August 31, 2021, an employee of Rebel Hospitality received an email from a senior sales manager at Sojern.com, an advertising agency focusing on online advertising for hotels and travel destinations, congratulating Rebel Hospitality on its acquisition of The Hotel at Fifth Avenue, a hotel located in New York, NY. The Hotel at Fifth Avenue, located at 17 W. 32nd St., New York, NY 10001, was never acquired by Rebel Hospitality and is a property that is owned, operated, and/or managed by Rebel DE.

40. On August 12, 2021, an employee of Rebel Hospitality received an email from an individual inquiring about the status of an existing reservation to stay at Hotel Mela in NYC on September 8th. The individual noted that he saw that Rebel Hospitality had acquired Hotel Mela. Hotel Mela, located at 120 West 44th St., New York, NY 10036, was never acquired by Rebel Hospitality and is a property that is owned, operated, and/or managed by Rebel DE.

41. On or around March 22, 2021, an employee of Rebel Hospitality received at least 3 emails from an employee at The Org, a self-described "professional community and PR distribution platform" maintaining a website at <www.theorg.com>, requesting permission to publicize Rebel Hospitality's press release on the appointment of Brian Sparacino as President & CEO of Rebel Hospitality. Rebel Hospitality never issued said press release and did not appoint Brian Sparacino as President & CEO of Rebel Hospitality.

42. Rebel DE has issued press releases, referring to the company by the name Rebel Hospitality, publicizing Brian Sparacino's appointment as the President & CEO of Rebel DE.

43. The communications described in paragraphs 37-41, *supra*, demonstrate actual confusion between Rebel Hospitality and Rebel DE by members of the public and consumers of hotel and resort services due to Rebel DE's use of the service mark REBEL HOSPITALITY.

44. Actual confusion exists in the minds of the purchasing public as to the source of Rebel Hospitality and Rebel DE's services due to Rebel DE's use of the service mark REBEL HOSPITALITY.

45. Rebel Hospitality, by and through its counsel, sent Rebel DE a letter via e-mail on April 1, 2021, informing Rebel DE of its longstanding use of the REBEL HOSPITALITY Mark and demanding that Rebel DE cease all use or planned use of "REBEL HOSPITALITY" or other prominent use of "REBEL" in close proximity to "HOSPITALITY" in connection with hotel and restaurant services and related advisory and management services. Rebel Hospitality also demanded that Rebel DE expressly abandon its federal application to register the service mark REBEL HOSPITALITY. A formal response to that letter, sent by Abe Cohn of Cohn Legal, PLLC, as counsel to Rebel DE was received on April 16, 2021. A reply to that letter was sent to Abe Cohn on May 18th, 2021.

46. Despite repeated requests that Rebel DE cease its infringement of the REBEL HOSPITALITY Mark and attempts to settle the matter, Rebel DE has continued its unauthorized use of the REBEL HOSPITALITY Mark.

47. The mark used by Rebel DE to identify its hotel and restaurant services and related advisory and management services, REBEL HOSPITALITY, is identical to Rebel Hospitality's REBEL HOSPITALITY Mark.

48. The services provided by Rebel DE using the mark REBEL HOSPITALITY, which primarily consist of hotel and restaurant services and related advisory and management services, are identical or highly related to the services provided by Rebel Hospitality using the REBEL HOSPITALITY Mark.

49. Unless Rebel DE ceases use of the REBEL HOSPITALITY Mark, consumers will be confused and mistakenly believe that Rebel DE and its services are endorsed, approved, or sponsored by, or affiliated, connected, or associated with, Rebel Hospitality.

50. Because Rebel DE has not ceased its infringement of the REBEL HOSPITALITY Mark, Rebel Hospitality was forced to bring this lawsuit to protect its trademark rights.

**COUNT I: FEDERAL UNFAIR COMPETITION AND FALSE DESIGNATION OF ORIGIN UNDER SECTION 43(a) OF THE LANHAM ACT, 15 U.S.C. § 1125(a)**

51. Rebel Hospitality realleges by reference the allegations contained in paragraphs 1 through 50 of this Complaint as if fully set forth herein.

52. Rebel DE uses or has used the service mark REBEL HOSPITALITY in interstate commerce.

53. Rebel DE uses or has used the service mark REBEL HOSPITALITY to sell services that are identical or highly related to the services provided by Rebel Hospitality using its REBEL HOSPITALITY Mark.

54. Rebel DE's actions set forth above are calculated to cause, have caused, are continuing to cause, and are likely to cause confusion, mistake, and/or deception as to the source of Rebel DE's services or as to Rebel DE's affiliation, connection, approval, or association with Rebel Hospitality.

55. Rebel DE's actions constitute unfair competition, false designation of origin, and false representation in connection with products distributed in interstate commerce in violation of section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

56. Rebel Hospitality's REBEL HOSPITALITY Mark is entitled to protection under the Lanham Act. Rebel Hospitality's REBEL HOSPITALITY Mark is inherently distinctive. Rebel Hospitality has continuously promoted and used its REBEL HOSPITALITY Mark in the United States. Through that extensive and continuous use, Rebel Hospitality's REBEL HOSPITALITY Mark has become a well-known indicator of the quality and origin of Rebel Hospitality's services. Rebel Hospitality's REBEL HOSPITALITY Mark has also acquired secondary meaning in the marketplace and Rebel Hospitality's REBEL HOSPITALITY Mark acquired this secondary meaning before Rebel DE commenced its unlawful use of REBEL HOSPITALITY in connection with Rebel DE's services.

57. Rebel DE's unfair competition has caused, and will continue to cause, Rebel Hospitality to suffer damage to its business, reputation, good will, profits, and the strength of its service marks, and is causing ongoing irreparable harm to Rebel Hospitality for which there is no adequate remedy at law.

58. On information and belief, Rebel DE's actions constituting unfair competition, false designation of origin, and false representation are willful and deliberate.

59. Rebel DE's actions constituting unfair competition, false designation of origin, and false representation have been ongoing since being provided with actual notice of Rebel Hospitality's rights in its REBEL HOSPITALITY Mark on April 1, 2021.

60. Rebel Hospitality has suffered damages as a result of Rebel DE's conduct in an amount to be proven at trial.

## COUNT II: COMMON LAW TRADEMARK INFRINGEMENT
## AND UNFAIR COMPETITION

61. Rebel Hospitality realleges by reference the allegations contained in paragraphs 1 through 60 of this Complaint as if fully set forth herein.

62. Rebel DE has used and continues to use the infringing service mark REBEL HOSPITALITY to promote, market, advertise, or sell services in interstate commerce and the State of Illinois that are identical or highly similar to the REBEL HOSPITALITY Services.

63. Rebel DE's actions set forth above are calculated to cause, have caused, are continuing to cause, and are likely to cause confusion, mistake, and/or deception as to the source, origin, affiliation, connection, or association of Rebel DE's services with the REBEL HOSPITALITY Services.

64. Rebel DE's actions constitute trademark infringement and unfair competition under the Common Law of Illinois.

65. Rebel Hospitality's REBEL HOSPITALITY Mark is entitled to protection under the common law. Rebel Hospitality has continuously promoted and used its REBEL HOSPITALITY Mark in the United States and the State of Illinois. Through that extensive and continuous use, Rebel Hospitality's REBEL HOSPITALITY Mark has become a well-known indicator of the quality and origin of Rebel Hospitality's services. Rebel Hospitality's REBEL HOSPITALITY Mark has also acquired secondary meaning in the marketplace and Rebel Hospitality's REBEL HOSPITALITY Mark acquired this secondary meaning before Rebel DE commenced its unlawful use of REBEL HOSPITALITY in connection with Rebel DE's services.

66. Rebel Hospitality has been irreparably injured and will continue to be irreparably injured unless the conduct of Rebel DE is preliminarily and permanently enjoined.

67. Upon information and belief, Rebel DE undertook the actions discussed in paragraphs 62 through 64 above willfully or with reckless intention of trading upon the good will of Rebel Hospitality.

68. Rebel Hospitality has suffered damages as a result of Rebel DE's conduct in an amount to be proven at trial.

**COUNT III: VIOLATION OF THE ILLINOIS UNIFORM DECEPTIVE TRADE PRACTICES ACT – 815 ILCS 510 *et seq.***

69. Rebel Hospitality realleges by reference the allegations contained in paragraphs 1 through 68 of this Complaint as if fully set forth herein.

70. Based on the activities described above, including, for example, Rebel DE's use of REBEL HOSPITALITY, Rebel DE violates the Illinois Uniform Deceptive Trade Practices Act, 815 ILCS § 510, at least by palming off/passing off of Rebel DE's services, by simulating Rebel Hospitality's REBEL HOSPITALITY Mark in an intentional and calculated manner that is likely to cause consumer confusion as to origin and/or sponsorship/affiliation of Rebel DE's services, at least by creating the false and misleading impression that its services are authorized by or otherwise associated with Rebel Hospitality. Rebel DE has also interfered with Rebel Hospitality's business.

71. Rebel Hospitality's REBEL HOSPITALITY Mark is entitled to protection under the Illinois law. Rebel Hospitality's REBEL HOSPITALITY Mark is inherently distinctive. Rebel Hospitality has continuously promoted and used its REBEL HOSPITALITY Mark in the United States and the State of Illinois. Through that extensive and continuous use, Rebel Hospitality's REBEL HOSPITALITY Mark has become a well-known indicator of the quality and origin of Rebel Hospitality's services. Rebel Hospitality's REBEL HOSPITALITY Mark has also acquired secondary meaning in the marketplace and Rebel Hospitality's REBEL HOSPITALITY Mark

acquired this secondary meaning before Rebel DE commenced its unlawful use of REBEL HOSPITALITY in connection with Rebel DE's services.

72. Rebel Hospitality has been irreparably injured and will continue to be irreparably injured unless the conduct of Rebel DE is preliminarily and permanently enjoined.

73. Upon information and belief, Rebel DE's use of REBEL HOSPITALITY has been willful.

74. As a result of Rebel DE's wrongful conduct, Rebel Hospitality has suffered, and will continue to suffer, substantial damages. Rebel Hospitality is entitled to injunctive relief, and to recover costs and reasonable attorney fees under 815 ILCS 510/3.

### COUNT IV: VIOLATION OF THE ILLINOIS CONSUMER FRAUD AND DECEPTIVE BUSINESS PRACTICES ACT – 815 ILCS 505 *et seq.*

75. Rebel Hospitality realleges by reference the allegations contained in paragraphs 1 through 74 of this Complaint as if fully set forth herein.

76. Based on the activities described above, including, for example, Rebel DE's use of REBEL HOSPITALITY, Rebel DE has engaged in deceptive trade practices as defined in the Uniform Deceptive Trade Practices Act, 815 ILCS 510/1 et seq., by causing a likelihood of confusion as to the source, sponsorship or approval between Rebel Hospitality and its services with Rebel DE and its services.

77. Rebel DE's activities alleged above constitute deceptive trade practices as defined in the Uniform Deceptive Trade Practices Act, 815 ILCS 510/2, and for that reason also violate the Illinois Fraud and Deceptive Business Practices Act, 815 ILCS 505/2.

78. Rebel DE's deceptive business practices involve conduct addressed to the market generally and implicate consumer protection concerns because the deceptive practices have caused and continue to cause injury to consumers. Unless this Court restrains said acts, Rebel DE's

deceptive business practices will continue and the public will continue to suffer great and irreparable injury.

79. Rebel Hospitality has been irreparably injured and will continue to be irreparably injured unless the conduct of Rebel DE is preliminarily and permanently enjoined.

80. Upon information and belief, Rebel DE's use of REBEL HOSPITALITY has been willful.

81. As a result of Rebel DE's wrongful conduct, Rebel Hospitality has suffered, and will continue to suffer, substantial damages. Rebel Hospitality is entitled to injunctive relief, and to recover damages, costs, and reasonable attorney fees under 815 ILCS 505/10a.

## **JURY DEMAND**

82. Plaintiff Rebel Hospitality hereby demands a trial by jury on all issues so triable.

## **REQUEST FOR RELIEF**

WHEREFORE, Plaintiff Rebel Hospitality LLC respectfully requests the following relief from the Court:

A. Preliminarily and permanently enjoin the Defendant, its agents, officers, members, servants, employees, privies, successors, and assigns, and all those in active concert or participation with it, from providing, marketing, or selling services under a service mark constituting trademark infringement or unfair competition against Rebel Hospitality's rights;

B. Order the Defendant, pursuant to 15 U.S.C. § 1116(a), to file with this Court and serve upon Rebel Hospitality within thirty (30) days after entry of the injunction, a written report under oath describing in detail the manner and form in which the Defendant has complied with the injunction, including ceasing all offering and promotion of services under names and/or marks as set forth above;

C. Enter judgment for Rebel Hospitality on all claims for relief asserted in the Complaint in an amount to be proven at trial, including all pre-judgement and post-judgment interest allowed by law;

D. Order the Defendant to recall and surrender for destruction all advertisements, literature, forms and other materials constituting trademark infringement or unfair competition against Rebel Hospitality' rights;

E. Order the Defendant to take all steps necessary to cancel any federal, state or local business registrations, including corporate name registrations and DBA filings, that include the term REBEL or Rebel Hospitality's marks or amend those registrations to names that do not include the term REBEL or Rebel Hospitality's marks, and to remove any references to any business registrations, including corporate names and DBA filings, that include the term REBEL or Rebel Hospitality's marks;

F. Order that the registrant of the domain name www.rebelhospitality.com, and any other domain name confusingly similar to the REBEL HOSPITALITY Mark owned by Defendant, shall be changed and transferred from the current registrant to Plaintiff, and that the domain name registries for the domain name www. rebelhospitality.com, and any other domain name confusingly similar to the REBEL HOSPITALITY Mark, shall unlock and change the registrar of record for the domain name www.rebelhospitality.com, and any other domain name confusingly similar to the REBEL HOSPITALITY Mark, to a registrar of Plaintiff's selection, and that the domain name registrar take any steps necessary to transfer the domain name www. rebelhospitality.com, and any other domain name confusingly similar to the REBEL HOSPITALITY Mark, to a registrar account of Plaintiff's selection, with confirmation to be provided of such changes and transfers;

G. Order that all social media profiles, handles, names, designations and accounts owned by Defendant that incorporate the REBEL HOSPITALITY Mark or are confusingly similar to REBEL HOSPITALITY are transferred to Plaintiff, and the corresponding social media providers take any steps necessary to transfer such social media profiles, handles, names, designations and accounts to Plaintiff;

H. Award Defendant's profits, Plaintiff's actual damages, enhanced damages, exemplary damages, costs, prejudgment and postjudgment interest, and reasonable attorney fees pursuant to at least 15 U.S.C. § 1117, 815 ILCS 510/3, and 815 ILCS 505/10a;

I. Declare this case exceptional under 15 U.S.C. § 1117 and award Rebel Hospitality costs and reasonable attorneys' fees; and

J. Grant Rebel Hospitality such and other further relief that the Court deems just and equitable.

DATED this 28th day of September 2021.

/s/ Binal J. Patel
Joshua M. Gerben (*pro hac vice application forthcoming*)
Christian Sado (*pro hac vice application forthcoming*)
Dionne Heard (*pro hac vice application forthcoming*)
Gerben Perrott PLLC
1050 Connecticut Ave NW
Suite 500
Washington, DC 20036
(202) 294-2287
jgerben@gerbenlawfirm.com

Binal J. Patel
Illinois Bar No. 6237843
bpatel@bannerwitcoff.com
Katherine Laatsch Fink
Illinois Bar No. 6292806
kfink@bannerwitcoff.com

17

>Banner & Witcoff, Ltd.
>71 South Wacker Drive
>Suite 3600
>Chicago, IL 60606
>Telephone: (312) 463-5000
>Facsimile: (312) 463-5001