IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| REBEL HOSPITALITY LLC, | ) |
| Plaintiff, | ) |
| v. | ) No. 21 C 5132 |
| REBEL HOSPITALITY LLC, | ) Judge Ronald A. Guzmán |
| Defendant. | ) |

## MEMORANDUM OPINION AND ORDER

For the reasons explained below, Defendant's motion to dismiss for lack of jurisdiction is granted, and Plaintiff's request to delay dismissal while Plaintiff continues jurisdictional discovery is denied.

## BACKGROUND

Plaintiff Rebel Hospitality LLC (Rebel IL), an Illinois limited liability company principally operating from Chicago, Illinois, bills itself as "a leading provider of hotel and resort services, real estate development services in the field of hotels and resorts, hotel and resort management and advisory services, and other services related to the hotel and resort industry." (ECF No. 1, Compl., ¶¶ 5-6.) Rebel IL has used the mark Rebel Hospitality since at least October 2014. (*Id*. ¶ 11.) Defendant Rebel Hospitality LLC (Rebel DE) is a Delaware limited liability company with individual members who are residents of New York. (ECF No. 20, Sparacino Aff., ¶ 5-6.) Rebel DE allegedly "provides hotel and resort services, real estate development services in the field of hotels and resorts, hotel and resort management and advisory services, and other services related to the hotel and resort industry." (Compl. ¶¶ 7-8.) Both Rebel IL and Rebel DE applied with the United States Patent and Trademark Office to

register the service mark REBEL HOSPITALITY, and their applications remain pending. (*Id*. ¶¶ 11, 10.) Third parties have contacted Rebel IL regarding actions or events related to Rebel DE. (*Id*. ¶¶ 38-41.) Rebel IL brought this lawsuit claiming unfair competition and false designation of origin under the Lanham Act, common law trademark infringement and unfair competition, and violations of Illinois law. Rebel DE answered the complaint, raising as an affirmative defense a lack of personal jurisdiction over it. (ECF No. 8, Answer, ¶ 89.) Rebel DE then filed this motion seeking dismissal for lack of personal jurisdiction under Federal Rule of Civil Procedure 12(c). (ECF No. 20, Def. Mot. Dismiss.)

## DISCUSSION

Rebel DE argues that the Court lacks personal jurisdiction over it because it has "no contacts in or with the state of Illinois," and that the only connection Plaintiff alleges is its own residence and injury in Illinois. (Def. Mot. Dismiss, at 1.) Rebel DE supports its motion with an affidavit. Rebel IL opposes the motion but "[i]n the alternative" seeks "time [] to complete limited jurisdictional discovery and supplement its response." (ECF No. 24, Mem. Opp'n Def.'s Mot. Dismiss.)

### I. Timeliness and Procedural Posture of Rebel DE's Motion

The Court must first address the timing and vehicle for Rebel DE's motion. Federal Rule of Civil Procedure 12(b) permits parties to assert certain defenses, including a lack of personal jurisdiction, by motion, and provides that such a motion "must be made before pleading if a responsive pleading is allowed." Fed. R. Civ. P. 12(b), (b)(2). Under Rule 12(h)(1), a party waives the defenses listed in Rule 12(b)(2)-(5) if the party "omit[s] [the defense] from" a previously filed motion invoking one of the defenses listed in Rule 12(b) if the omitted defense or objection was available to the party at the time of the earlier motion, or the party "fail[s] to

2

either: (i) make it by motion under this rule; or (ii) include it in a responsive pleading or in an amendment allowed by Rule 15(a)(1) as a matter of course." Fed. R. Civ. P. 12(g)(2), (h)(1). "Other[]" defenses, though, including "[f]ailure to state a claim upon which relief can be granted, to join a person required by Rule 19(b), or to state a legal defense to a claim may be raised: (A) in any pleading allowed or ordered under Rule 7(a); (B) by a motion under Rule 12(c); or (C) a trial." Fed. R. Civ. P. 12(h)(2).

Here, Rebel DE did not file a motion invoking any defense listed in Rule 12(b) prior to filing a responsive pleading. Rebel DE answered the complaint on November 15, 2021, including as an affirmative defense that the Court lacked personal jurisdiction over it. (ECF No. 8, Answer.) On December 13, 2021, the parties signed a joint status report, in which they noted that Defendant had raised that defense. (ECF No. 15, Report of Rule 26(f) Planning Meeting, at 2.) On December 15, 2022, the Court set a fact-discovery close date of June 6, 2022. (ECF No. 16.) Rebel IL's counsel reported on the progress of discovery at a January 11, 2022 status hearing before the magistrate judge, at which Rebel DE did not appear. (ECF No. 19, Min. Entry of Jan. 11, 2022.)

On January 13, 2022, Rebel DE moved to dismiss for lack of personal jurisdiction under Rule 12(c), which provides that, "[a]fter the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). Rebel DE devoted more than a page of its motion to arguing that its "motion is procedurally proper and timely" before analyzing personal jurisdiction on the merits. Rebel IL, though, did not challenge the procedural propriety or timing of Rebel DE's motion and thus has forfeited any argument on

those grounds.[1]  *Walker v. Weatherspoon*, 900 F.3d 354, 357 (7th Cir. 2018) (finding that appellees forfeited their rights under an appellate rule by characterizing the appeal as early instead of arguing that it was late under the rule).

## II.  Merits of Personal Jurisdiction Defense

A complaint need not include facts alleging personal jurisdiction, but once a defendant moves to dismiss the complaint on that ground, the plaintiff bears the burden of demonstrating the existence of jurisdiction. *Purdue Rsch. Found. v. Sanofi-Synthelabo, S.A.*, 338 F.3d 773, 782 (7th Cir. 2003).  When the Court rules on the motion without a hearing, the plaintiff's burden is to establish a prima facie case of personal jurisdiction. *Kipp v. Ski Enter. Corp. of Wis.*, 783 F.3d 695, 697 (7th Cir. 2015).  "The parties may submit affidavits to support their arguments for personal jurisdiction, and 'once the defendant has submitted affidavits or other evidence in opposition to the exercise of jurisdiction, the plaintiff must go beyond the pleadings and submit affirmative evidence supporting the exercise of jurisdiction.'" *Tower Commc'ns Expert, LLC v.*

---

[1]  In any event, considering that Rule 12(h)(1)(B)(ii) appears to provide for preservation of a Rule 12(b)(2) defense in a responsive pleading and the untoward apparent result of there being no clear avenue to pursue the defense after preserving it, the Court would be inclined to follow the reasoning in the following cases (the first of which Rebel IL cites for another proposition in its brief opposing dismissal) and deem Rebel DE's motion timely and proper under the circumstances. *See* Fed. R. Civ. P. 12(b)(2), (h)(1)(B)(ii); *Mold-A-Rama v. Collector-Concierge-Int'l*, 451 F. Supp. 3d 881, 887 (N.D. Ill. 2020) (concluding on similar facts "that where a defendant has asserted a personal-jurisdiction defense in its answer and subsequently seeks dismissal on that basis, the Court must be able to decide such a motion under the Rule 12(b)(2) standard of review," whether that "mean[s] that the Court is forgiving an untimely motion or . . . that it is treating the motion as a Rule 12(c) motion subject to Rule 12(b)(2)'s standard"); *Dell Mktg., L.P. v. Incompass IT, Inc.*, 771 F. Supp. 2d 648, 654 (W.D. Tex. 2011) ("[T]here is no principled reason to distinguish between a motion to dismiss based on lack of personal jurisdiction filed one day before the answer, concurrent with the answer, or one day after the answer, provided the issue is raised in the 'first significant defensive move.'").  As the parties do, the Court will apply the Rule 12(b)(2) standard to Rebel DE's motion.
!

*TSC Constr., LLC*, No. 18 C 2903, 2018 WL 5624268, at *4 (N.D. Ill. Oct. 30, 2018) (citing *Purdue Rsch. Found.*, 338 F.3d at 783).

"The Lanham Act does not authorize nationwide service of process [], so a federal court sitting in Illinois may exercise jurisdiction over [Rebel DE] in this case only if it is authorized by Illinois law and by the United States Constitution." *be2 LLC v. Ivanov*, 642 F.3d 555, 558 (7th Cir. 2011) (citations omitted). "Because Illinois permits personal jurisdiction if it would be authorized by either the Illinois Constitution or the United States Constitution, the state statutory and federal constitutional requirements merge." *uBID, Inc. v. GoDaddy Grp., Inc.*, 623 F.3d 421, 425 (7th Cir. 2010) (citing, *inter alia*, 735 ILCS 5/2-209(c)).

Personal jurisdiction can be general or specific, depending on the extent of the defendant's contacts with the forum state. *Id.* Although Rebel IL does not begin by specifying the basis for claiming personal jurisdiction, it does not argue that Rebel DE is "'at home' in Illinois," *see Hub Group, Inc. v. Go Hub Group Holdings Corp.*, No. 19 C 7648, 2021 WL 4264349, at *3 (N.D. Ill. Sept. 20, 2021), and uses language drawn from the test for specific jurisdiction. Specific jurisdiction refers to jurisdiction over a defendant in a suit arising out of or related to the defendant's contacts with the forum; those contacts must be "directly related to the conduct pertaining to the claims asserted." *Brook v. McCormley*, 873 F.3d 549, 552 (7th Cir. 2017). Although the formulations of the standard for establishing specific personal jurisdiction vary, they condense into three requirements: (1) the defendant must have purposefully availed itself of the privilege of conducting business in the forum state or purposefully directed its activities at the state; (2) the alleged injury must have arisen from the defendant's forum-related activities; and (3) the exercise of jurisdiction must comport with traditional notions of fair play and substantial justice. *Felland v. Clifton*, 682 F.3d 665, 673 (7th Cir. 2012).

The parties dispute whether Rebel DE has purposefully availed itself of the privilege of conducting business in Illinois or purposefully directed its activities at Illinois. For intentional torts such as those alleged here, *see Chloè v. Queen Bee of Beverly Hills, LLC*, 616 F.3d 158, 171 (2d Cir. 2010) ("Trademark infringement is . . . a tort."), the purposeful-direction inquiry has three prongs, requiring "(1) intentional conduct (or 'intentional and allegedly tortious' conduct); (2) expressly aimed at the forum state; (3) with the defendant's knowledge that the effects would be felt—that is, the plaintiff would be injured—in the forum state." *Tamburo v. Dworkin*, 601 F.3d 693, 703 (7th Cir. 2010).

Rebel IL devotes much of its opposition to where and how it was injured, but the dispute centers on whether Rebel DE "expressly aimed" its conduct at Illinois. The Court thus considers whether Rebel DE's suit-related conduct is connected to Illinois in a meaningful way. *Walden v. Fiore*, 571 U.S. 277, 286-90 (2014); *Ariel Invs., LLC v. Ariel Cap. Advisors LLC*, 881 F.3d 520, 522 (7th Cir. 2018). "The connection must be of the defendant's creation, not of the plaintiff's." *Ariel*, 881 F.3d at 522. "It is not enough that a defendant know that any injury resulting from alleged tortious conduct would be felt in the forum state." *Green Light Nat'l, LLC v. Kent*, No. 17 C 6370, 2018 WL 4384298, at *3 (N.D. Ill. Sept. 14, 2018); *see also Ariel*, 881 F.3d at 522 ("Knowing about a potential for harm in a particular state is not the same as acting *in* that state—and it takes the latter to permit personal jurisdiction under state law.")). Thus, it is not, for example, enough that the defendant "operate[s] [] an interactive website," as that "does not show that the defendant has formed a contact with the forum state." *Advanced Tactical Ordnance Sys., LLC v. Real Action Paintball, Inc.*, 751 F.3d 796, 803 (7th Cir. 2014).

Rebel DE contends that Rebel IL's focus on its own location and injuries fails to establish that Rebel DE aimed its suit-related conduct at Illinois. Rebel IL disagrees, arguing that Rebel

6

DE chose to capitalize on Rebel IL's name and market good will, and that such conduct constitutes aiming at Illinois.[2] (Mem. Opp'n Def.'s Mot. Dismiss, at 2-3, 4, 6) (claiming that Rebel DE "took aim at Illinois" by choosing "an established, distinctive, trademark ('Rebel Hospitality')" and "gain[ed] an unfair advantage" in its business by utilizing Rebel IL's "fan base within the hotel industry," causing confusion that "impacts Illinois and its consumers"). Rebel IL contends that this argument is supported by the Seventh Circuit's opinion in *Indianapolis Colts, Inc. v. Metropolitan Baltimore Football Club Ltd. Partnership*, 34 F.3d 410, 411-12 (7th Cir. 1994).

The Court disagrees. The Seventh Circuit in *Indianapolis Colts* declined to "decide" that a Defendant could be subject to personal jurisdiction solely for causing injury in a state without "'enter[ing]' the state in some fashion," *id*. at 412, and since has distanced itself from the *Indianapolis Colts* analysis. *See Mobile Anesthesiologists Chi., LLC*, 623 F.3d at 445 (emphasizing that the court "did not actually adopt" the "somewhat broader" personal jurisdictional test "suggested" in that case but had instead based its decision on *both* the defendant's plans "to actually 'enter' the forum state [] via national broadcasts of its games" *and*

---

[2] In responding to Rebel DE's motion, which is supported by an affidavit, Rebel IL does not address much less reinforce its allegations in the complaint that Rebel DE's president was a panelist at or that Rebel DE sponsored the 2021 Americas Lodging Investment Summit (which "'touts itself as the 'leading and largest hotel investment conference in the world'") that took place in Los Angeles, that Rebel DE was featured in a 2021 magazine publication, or that third parties sent emails that purportedly confused Rebel IL with Rebel DE. Such alleged actions, even if true, would not establish personal jurisdiction. *See Advanced Tactical*, 751 F.3d at 801 ("Contacts between the plaintiff or other third parties and the forum state do not satisfy this requirement."); *Mold-A-Rama*, 451 F. Supp. 3d at 890 (explaining that even "attending a single trade show in the forum is not, by itself, sufficient to establish personal jurisdiction") (citations omitted). Nor would Rebel IL's allegations that it sent a cease-and-desist letter to Rebel DE cross the gap. *Mobile Anesthesiologists Chi., LLC v. Anesthesia Assocs. of Hous. Metroplex, P.A.*, 623 F.3d 440, 447 (7th Cir. 2010) ("To find express aiming based solely on the defendant's receipt of [a cease-and-desist] letter would make any defendant accused of an intentional tort subject to personal jurisdiction in the plaintiff's home state as soon as the defendant learns what that state is. *Calder* [*v. Jones*, 465 U.S. 783 (1984)] requires more.")

the expected harm in that state); *see also Advanced Tactical*, 751 F.3d at 802 (analyzing prior cases and explaining that, "after *Walden* there can be no doubt that 'the plaintiff cannot be the only link between the defendant and the forum'").

Courts thus have found trademark infringement generally insufficient, standing alone, to show express aiming at the forum state. In *Mobile Anesthesiologists*, which Rebel IL cites, the Seventh Circuit rebuffed the plaintiff's argument that "constructive notice" of trademark infringement would satisfy the "express aiming" requirement, explaining that "[i]t does not follow from the constructive notice statute that any alleged infringer, despite its lack of any other contacts with the forum state, may henceforth be sued in that state. In other words, trademark owners cannot create nationwide service of process by this theory of constructive notice." 623 F.3d at 446; *see also Ariel*, 881 F.3d at 522 ("State and federal laws often require entrepreneurs to consider the effects of their choices on third parties, but when they violate such requirements by closing their eyes to the effects of their decisions, they do not 'aim at' any particular person or state.").

Rebel IL does not root its personal-jurisdiction argument in federal trademark laws providing for constructive notice, although it does suggest that use of another's allegedly established mark could support personal jurisdiction against a defendant in any state. Rebel IL's argument again focuses almost entirely on its (the *plaintiff's*) location and injury in the forum state, *Mobile Anesthesiologists*, 623 F.3d at 446; *Ariel*, 881 F.3d at 552, but express aiming requires that "the relation between the defendant and the forum must arise out of contacts that the defendant *himself* creates with the forum." *Advanced Tactical*, 751 F.3d at 801 (cleaned up, citations omitted). The alleged trademark infringement, standing alone, is insufficient to demonstrate aiming at the forum state. *See Ariel*, 881 F.3d at 523 ("If trademark infringement

8

happened, that wrong occurred in Florida, or perhaps some other state where people who wanted to do business with Ariel Investments ended up dealing with Ariel Capital because of the similar names. That state cannot be Illinois, where Ariel Capital lacks clients."); *Telemedicine Sols. LLC v. WoundRight Techs., LLC*, 27 F. Supp. 3d 883, 899 (N.D. Ill. 2014) (holding that allegations that defendant had "intentionally used [p]laintiff's trade name and mark" were insufficient to constitute express aiming).

Rebel IL argues that it has shown more just an injury in the forum state because Rebel DE could be viewed as "broadcasting" in the state like the defendant in *Indianapolis Colts*. But, rather than forum-state "broadcasting" by Rebel DE, Rebel IL identifies only published interviews of a Rebel DE principal, which do not constitute Illinois contacts by Rebel DE. *See Colo'n v. Akil*, 449 F. App'x 511, 514 (7th Cir. 2011) (holding that plaintiff had "failed to show that the defendants intentionally aimed their conduct at Indiana because she submitted no evidence that any of the defendants had anything to do with" the broadcasting of a television show in the forum state); *Kolodziej v. Mason*, No. CIV. A. H-09-1889, 2009 WL 3460238, at *3 (S.D. Tex. Oct. 23, 2009) ("Giving a television interview simply does not rise to the level of purposeful availment contemplated under *Calder*. The simple fact that the interview was televised nationally does not subject [defendant] to personal jurisdiction in all 50 states—no matter how short the plane flight to Atlanta—absent other contacts.") (citations omitted). This is distinct from the ongoing broadcasting of sporting events in the forum state that the plaintiff intended in *Indianapolis Colts*.[3]

---

[3] The podcast and interview were posted by Checking In and Costar, not Rebel DE, and neither indicates that Rebel DE targeted the Illinois market. *See Mold-A-Rama*, 451 F. Supp. 3d at 890 (rejecting contention that video released by defendant in advance of defendant's attendance at an international trade show in Chicago showed deliberate targeting of Illinois residents, despite video's subtitle reading "Special Chicagoland Edition!").

Rebel IL in fact seeks to attribute to Rebel DE the actions of third parties, such as the interviewers at Checking In ("a podcast hosted by two entertaining[] hotel industry experts") and Costar (which "describes itself as 'the largest commercial real estate information and analytics provider'") and media and search engines, both of which allegedly have confused Rebel DE and Rebel IL or "connected" Rebel DE "with the Chicago Hotel Industry." (Mem. Opp. Mot. Dismiss at 7-9.) Rebel IL points out that web links within Costar's web publication of an interview with Rebel DE's President would "take a reader to other articles featuring independent and boutique hotels in other locations including Chicago." (*Id*. at 7.) Even assuming that links on the same page as an article or that search engine results could under some circumstances constitute connections to a forum state, the ones Rebel IL describes were forged or created by third parties and did not even arguably arise from contacts Rebel DE itself created with Illinois. *Advanced Tactical*, 751 F.3d at 801 ("Contacts between the plaintiff or other third parties and the forum state do not satisfy this requirement.").

Rebel IL also does not, despite the opportunity it has had to conduct discovery, contest Rebel DE's affidavit, which indicates that it has no physical presence in, assets in, or contractual ties with Illinois; Rebel DE has not shipped products into or targeted any business opportunity or any contract that would be performed in or concerns property in Illinois; Rebel DE "has no current, former, or prospective clients, customers, investors, partners, contractors, or affiliates located in or resident of the State of Illinois"; Rebel DE has not targeted the State of Illinois or its residents in any advertising or publicity or through its website; and Rebel DE has never petitioned or filed suit in the State of Illinois or submitted itself to the jurisdiction of an Illinois court. (Sparacino Aff. ¶¶ 9, 12-13, 15-17.) *See Telemedicine*, 27 F. Supp. 3d at 900 (noting that, because defendant's affidavits "demonstrate[d] that it has not exploited or benefited from the

10

Illinois market in any way," its contacts with Illinois were insufficient for personal jurisdiction despite the allegedly knowing use of the plaintiff's mark).

Rebel IL has not submitted affirmative evidence sufficient to show the required "substantial connection" between Rebel DE and Illinois for the purposes of this motion. The Court therefore need not analyze the remaining factors in the personal-jurisdiction analysis. *See N. Grain Mktg., LLC v. Greving*, 743 F.3d 487, 496 (7th Cir. 2014). This action therefore will be dismissed for lack of personal jurisdiction. The dismissal will be without prejudice, so that Rebel IL can refile its claim against Rebel DE where a court would have personal jurisdiction.

In a final salvo to stave off immediate dismissal, Rebel IL seeks leave to continue pursuing jurisdictional discovery, but it has not made the "colorable" showing of personal jurisdiction required to warrant such leave. *See Seo v. H Mart Inc.*, No. 19 C 3248, 2020 WL 5547913, at *4 (N.D. Ill. Sept. 16, 2020); *Bradford Victor-Adams Mut. Ins. Co. v. Electrolux Home Prods., Inc.*, No. 4:18-CV-04167-SLD-JEH, 2019 WL 3604594, at *4 (C.D. Ill. Aug. 6, 2019).[4] Generally, courts grant jurisdictional discovery if the factual record is ambiguous or unclear on the issue, *Sullivan v. Sony Music Entertainment*, No. 14 C 731, 2014 WL 5473142, at *5 (N.D. Ill. Oct. 29, 2014), but when a lack of personal jurisdiction is clear, jurisdictional discovery would serve no purpose and should not be permitted, *John Crane Inc. v. Simon Greenstone Panatier Bartlett, APC*, No. 16 C 5918, 2017 WL 1093150, at *12 (N.D. Ill. Mar. 23, 2017), *aff'd sub nom. John Crane, Inc. v. Shein Law Ctr., Ltd.*, 891 F.3d 692 (7th Cir. 2018). Rebel IL points to no ambiguity or lack of clarity regarding the extent of Rebel DE's suit-related

---

[4] This Court agrees with the district court in *Bradford Victor-Adams* that since a "prima facie" showing based on the written submissions is sufficient to establish personal jurisdiction, "it seems illogical to apply this standard to a request for discovery," and that the proper standard to apply to requests for jurisdictional discovery is the requirement of a "colorable" showing. 2019 WL 3604594, at *4 n.4; *see Col'n*, 449 F. App'x at 515 ("Col'n needed to establish at least a colorable showing of personal jurisdiction before being allowed discovery[.]").

contacts with Illinois. Rebel IL, despite its protests, has had ample opportunity to submit evidence on that issue; Rebel IL has been aware that Rebel DE was contesting personal jurisdiction since Rebel DE answered on November 15, 2021, and the Court expressly permitted discovery on personal jurisdiction to continue during briefing of Rebel's DE's motion, which was filed more than six weeks ago. Accordingly, the Court denies Rebel IL's request for additional jurisdictional discovery.

## CONCLUSION

Defendant Rebel Hospitality LLC's motion to dismiss the for lack of jurisdiction [20] is granted. The complaint is dismissed for lack of personal jurisdiction, without prejudice to Plaintiff Rebel Hospitality LLC's pursuing its claims in an appropriate alternate forum. Plaintiff's request in its opposing memorandum [24] for leave to continue jurisdictional discovery is denied. Civil case terminated.

**DATE:** March 16, 2022

**Hon. Ronald A. Guzmán**
**United States District Judge**